lguidry, J.
In this child custody dispute, Vernon MacHauer appealed the trial court’s failure to designate Mr. MacHauer the domiciliary parent, or alternatively, award him sole custody. We affirm.
The father, Mr. MacHauer, and the mother, Janie MacHauer Randolph, agreed to a consent decree signed by the trial court on April 14, 1997. The agreement provided for joint custody, with the mother as the domiciliary parent. The father had physical custody of the child, Mindy, on alternating weekends, one day per week, and holidays were shared between the parents. The father filed a motion for modification of custody on May 1, 1998. The father was concerned about violent confrontations between Mrs. Randolph, Mr. Richard Randolph, her then husband, and the police. The father’s major concern was an incident between the mother, Mr. Randolph (from whom she was separated) and a child from the Randolph marriage. As a result of the incident, which included an altercation between the adult Randolphs, the mother was arrested.
Testimony was given by the mother, Mrs. Randolph, the father, Mr. MacHauer, Mr. Randolph, and other witnesses. In written reasons for judgment, the trial court found that the Post^Separation Family Violence Relief Act, La. R.S. 9:361, et seq., did not apply to the dispute between *1043 Mindy’s parents.[1] Additionally, the trial court made findings on the factors listed in Civil Code article 134.
By judgment signed on August 5, 1998, the trial court changed the sharing of physical custody to two weeks of every month for the mother, and two weeks 13for the father. The mother’s status as domiciliary parent and the holiday schedule were maintained.
If a prior award of custody has been made by consent decree, the party seeking a change in custody must prove that a change materially affecting the welfare of the child has occurred since the original decree. The proponent for change must also show that the proposed modification of custody is in the best interest of the child. La. C.C. arts. 131, 132 & 134; Raney v. Wren, 98-0869, pp. 3-4 (La.App. 1st Cir.11/6/98); 722 So.2d 54, 56.
Every child custody case must be viewed within its own peculiar set of facts. The trial judge is usually in the best position to ascertain the best interest of the child given each unique set of circumstances. Accordingly, a trial court’s determination of custody is entitled to due deference and will not be reversed on appeal unless there is an abuse of discretion. Raney, 98-0869 at p. 4; 722 So.2d at 56.
The trial court found that a change had occurred that materially affected the welfare of the child, and that a change in the sharing of physical custody was in the best interest of the child. Otherwise, no change could have been made to the prior agreement. Additionally, the child had expressed a desire to spend more time with her father. However, the trial court retained the holiday schedule and the mother as domiciliary parent to ensure continuity.
The mother’s emotional volatility and past bad choices are of concern, and could afford a more serious change of custody in the future. However, at this time, we agree with the trial court that an award of sole custody is not in the best interest of the child. The record does not contain the child’s testimony, or any evidence of a problematic change in behavior, and worsening grades because of one parent’s conduct. By the time of trial, the Randolphs were divorced, and the mother had Lsought counseling. Lifestyle choices, like continuity of care, are not the single.test for a change of custody, but only a factor to be considered. The question centers not on who is the most moral parent, but on the best interest of the child. See La. C.C. arts. 131,132 & 134.
Based on the record and the findings of the trial judge on the Article 134 factors, we find that the best interest of the child does not mandate a change of domiciliary parent. The equal sharing of physical custody, retention of the holiday schedule, and maintaining the mother as domiciliary parent is in the best interest of the child. Since the mother has been domiciliary parent, the parents have been able to confer and make joint decisions concerning Mindy.
For these reasons, we affirm the judgment of the trial court in all respects. The costs are assessed to appellant, Mr. Ma-cHauer.
AFFIRMED.
FITZSIMMONS, J., dissents, and assigns reasons.

. In this particular case, under these particular facts, we agree that La. R.S. 9:361, et seq. does not apply. The overall tone and language of the domestic violence statutes relate to acts “committed by one parent, against the other parent or against any of the children.” (Emphasis added.) That is not the case here. At the time of the incident, Mindy and her father were not on the scene, and Mr. Randolph was not a resident step-father in the family home.